John M. Thomas, OSB #024691
E-Mail: jthomas@rcolegal.com
Routh Crabtree Olsen, P.C.
11830 SW Kerr Parkway, Ste. 385
Lake Oswego, Oregon 97035
Phone: (503) 517-7180
Fax: (425) 457-7369
　　　Attorney for Defendant NWTS

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# MEDFORD DIVISION

| | |
|---|---|
| DONALD E. MCCOY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BNC MORTGAGE, INC., a Delaware Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, NORTHWEST TRUSTEE SERVICES, INC., a Washington Corporation, U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Structured Asset Investment Loan Trust, 2005-10, AIG FEDERAL SAVINGS BANK, FINANCE AMERICA, LLC, LEHMAN BROTHERS HOLDINGS, INC., IMPACT ONE MORTGAGE SERVICES,<br><br>　　　　　　　　　　Defendants. | Case No. 10-cv-03098-PA<br><br>**DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT (FRCP 12)** |

　　　　Defendant Northwest Trustee Services, Inc. (hereinafter "Defendant NWTS") provides the following memorandum of law in support of its motion to dismiss and asserts several bases for the Court to grant its motion.

Page 1 – DEFENDANT NWTS' MEMO IN SUPPORT OF MOTION TO DISMISS

## I. BACKGROUND

The following background information is taken from the exhibits attached to Defendant NWTS' Request for Judicial Notice, which are publicly recorded in the Jackson County Recorder's Office.

DEED OF TRUST:  On or about September 26, 2005, Plaintiff executed and delivered to and for the benefit of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for BNC Mortgage, Inc. a Deed of Trust encumbering the real property legally described as:

> Beginning at an iron pipe 810.62 feet East and 1343.30 feet South of the Northwest corner of Donation Land Claim No. 44 in Section 9, Township 37 South, Range 2 West of the Willamette Meridian in Jackson County, Oregon; thence West 405.31 feet to an iron pipe; thence North 134.33 feet; thence East 405.31 feet; thence South 134.33 feet to an iron pipe and the point of beginning

and more commonly known as 2969 Sunnyvale Drive, Central Point, Oregon 97502 (the "Property"), which is the subject of the Plaintiff's Complaint.  The original trustee under the Deed of Trust was First American Title Insurance Company.  A true and correct copy of the Deed of Trust is attached as Ex. 1 to Defendant NWTS' Request for Judicial Notice.

MERS subsequently appointed Defendant NWTS as successor trustee and then assigned the Deed of Trust to co-defendant U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2005-10. A true and correct copy of the recorded Appointment of Successor Trustee and Assignment of Deed of Trust are attached as Ex. 2 and 3, respectively, to Defendant NWTS' Request for Judicial Notice.

LOAN DEFAULT AND PENDING FORECLOSURE:  Plaintiff defaulted under the terms of the Deed of Trust (which Plaintiffs do not dispute in their Complaint), as evidenced by

the currently operative recorded Notice of Default and Election to Sell, attached as Ex. 4 to Defendant NWTS' Request for Judicial Notice. Defendant NWTS has commenced foreclosure non-judicially pursuant to ORS § 86 *et seq.* and provided and recorded the statutorily required notices, which are attached as Ex. 5 and 6 to Defendant NTWS' Request for Judicial Notice. The auction of the Property has not occurred at this time.

## II.     POINTS AND AUTHORITIES

### A. Plaintiff Fails to State Ultimate Facts Sufficient to State a Claim

Plaintiff has asked the court to enjoin the pending non-judicial foreclosure and enter a declaratory judgment regarding who holds the Note or beneficial interest in the loan because that is somehow required (allegedly) of Defendants to prove under Oregon's Trust Deed Act. There is no such requirement; and, even if there was, it doesn't matter because Plaintiff is not paying—nor does he allege the ability to pay—the loan to avoid the non-judicial foreclosure. Thus, there is no justiciable controversy. For the reasons explained below, the court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

### 1.     Oregon's Trust Deed Act Does Not Prohibit MERS from Being Designated as the Lender's Nominee.

Plaintiff contends that Oregon's Trust Deed Act does not permit MERS to be designated as beneficiary as the nominee of the lender. Plaintiff is incorrect. Oregon's Trust Deed Act requires only that any assignments of the Deed of Trust and any appointment of a successor trustee be of record, publicly, in the county in which the Property is located, which they are. *See* ORS § 86.735(1), and Defendant NWTS' Request for Judicial Notice, Ex. 2 and 3.

Page 3 – DEFENDANT NWTS' MEMO IN SUPPORT OF MOTION TO DISMISS

ORS § 86.705 defines "beneficiary" as "the person named or otherwise designated in a trust deed as the person for whose benefit a trust deed is given, or the person's successor in interest, and who shall not be the trustee unless the beneficiary is qualified to be a trustee under ORS 86.790(1)(d)." Nothing in that statute prohibits MERS from being designated as beneficiary as "nominee for" BNC Mortgage, Inc., the originating lender. However, rather than expand further on any MERS-related arguments, Defendant NWTS will yield to co-defendant MERS's counsel to address any MERS issues in greater detail on its own behalf, if it chooses.

### 2. Defendant NWTS Properly Initiated A Non-Judicial Foreclosure.

Accordingly, Defendant NWTS has the authority to foreclose the Deed of Trust under ORS Chapter 86, and has complied with all statutory requirements—indeed, Plaintiff does not allege otherwise with any particularity with respect to ORS Chapter 86. *See, e.g.,* Exhibits 1 through 6 to Defendant NWTS' Request for Judicial Notice. The recorded documents speak for themselves in identifying the beneficiary of the Deed of Trust, the foreclosing trustee, and the recitation that the loan is in default, which Plaintiff does not dispute. There is no controversy requiring a judicial declaration.

Indeed, Plaintiff does not allege that the Deed of Trust is *not* in default, or that he has not received notice. As the court found in *Stewart v. MERS,* 2010 WL 1055131, 12 (D. Or. 2010), the Oregon Trust Deed Act "does not require presentment of a promissory note or any other proof of 'real part in interest' or 'standing,' other than the Deed of Trust." Here the Deed of Trust, Assignment of Deed of Trust, and Appointment of Successor Trustee collectively establish that Defendant NWTS has authority to foreclose.

### 3. Plaintiff Is Not Entitled To Declaratory Relief.

The court should dismiss Plaintiff's claim for declaratory relief because he does not contest his default nor claim that he can cure it. In *Hogan v. NW Trust Services,* 2010 WL 1872945, *5 (D. Or. 2010), Judge Hogan recently rejected a Plaintiff's claim for declaratory relief where the claim amounted to nothing more than a collateral attack on Oregon foreclosure law. The court reasoned:

> Plaintiffs have not complained that they were not properly served with the Notice on the subject property. Nor do plaintiffs deny that they are in default on their loans or offer anything to indicate that they were able to tender the debt in order to disrupt the non-judicial foreclosure.

*Id.*

Here, as in *Hogan*, Plaintiff's claim is deficient. Plaintiff does not dispute that he is in default, and has failed to plead that he can cure his default. Nor has he pleaded any basis for granting declaratory relief, as he has failed to allege a basis for a viable claim or controversy. Plaintiff has failed to plead ultimate facts indicating that there is any present controversy. Nor can Plaintiff allege that the foreclosure of the property will subject him to further liability. *See* ORS 86.770 (2)(a) (prohibiting deficiency action on the debt secured by the trust deed foreclosed non-judicially at the trustee's sale of the property. In this respect, as in others, Plaintiff simply fails to state ultimate facts that would support a claim of relief.

Even if there was, somehow, a controversy, as Plaintiff contends, the court may refuse to render or enter a declaratory judgment where such judgment, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding. ORS § 28.060. It is undisputed that the Deed of Trust is in default for lack of payment. Plaintiff alleges no ability to cure the default or reinstate the loan (whether to the trustee or into the court's register as security),

Page 5 – DEFENDANT NWTS' MEMO IN SUPPORT OF MOTION TO DISMISS

and the Oregon Trust Deed Act imposes no requirement that Defendant NWTS prove who holds the Note, hence there is simply no controversy for the court to adjudicate here.

### 4. Plaintiff Should Not Be Allowed To Replead Because Any Amendments Would Be Futile

Under Fed. R. Civ. P. 15(a), leave to amend a Complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts, however, do not allow "'futile amendments.'" *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 650 (9th Cir. 1984) (quoting *Klamath-Lake Pharm. Ass'n v. Klamath Medical Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983)). Courts may, therefore, dismiss an insufficient Complaint when "it is clear the deficiency cannot be overcome by amendment." *Jones*, 733 F.2d at 650 (quoting *May Dept. Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980)). Based on the foregoing analysis, it does not appear that Plaintiff could transform his Complaint to allege a controversy.

### III. CONCLUSION

WHEREFORE, Defendant NWTS prays Plaintiff's Complaint be dismissed with prejudice and without leave to amend.

DATED this 23rd day of September, 2010.

        ROUTH CRABTREE OLSEN, P.C.

        By  */s/ John M. Thomas*
        John M. Thomas, OSB #024691
        Attorney for Defendant NWTS
        11830 SW Kerr Parkway, Ste. 385
        Lake Oswego, Oregon 97035
        Phone: (503) 517-7180
        Fax: (425) 457-7369

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing Defendant NWTS' Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint (FRCP 12) upon the following parties via ECF on September 23rd, 2010:

    James J. Stout
    James J. Stout PC
    419 S. Oakdale Ave
    Medford, OR  97501
      Attorney for Plaintiff

    Julie M. Engbloom
    Pilar C. French
    Lane Powell PC
    601 SW Second Avenue, Suite 2100
    Portland, Oregon 97204-3158
      Attorneys for MERS

    Julie M. Engbloom
    Lane Powell PC
    601 SW Second Avenue, Suite 2100
    Portland, Oregon 97204-3158
      Attorney for U.S. Bank National Association

DATED this 23rd day of September, 2010.

                ROUTH CRABTREE OLSEN, P.C.

                By   */s/ John M. Thomas*
                    John M. Thomas, Attorney, OSB # 024691
                    Attorney for Defendant NWTS
                    11830 SW Kerr Parkway, Suite 385
                    Lake Oswego, OR 97035
                    (503) 517-7180, Fax (425) 457-7369
                    jthomas@rcolegal.com